

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed December 19, 2023

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| EBIX, INC., *et al.*[1] | Case No. 23-80004 (SWE) |
| Debtors. | (Jointly Administered) |

## ORDER
## (I) AUTHORIZING THE DEBTORS TO
## (A) PAY CERTAIN PREPETITION VENDOR CLAIMS, AND
## (B) SATISFY CERTAIN CUSTOMER REFUND AND PROMOTION OBLIGATIONS; (II) CONFIRMING ADMINISTRATIVE EXPENSE PRIORITY OF OUTSTANDING PURCHASE ORDERS; AND (III) GRANTING RELATED RELIEF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ebix, Inc. (1975), Vertex, Incorporated (6295), P.B. Systems, Inc. (9074), Ebix Consulting, Inc. (6666), Ebix US, LLC (N/A), Facts Services, Inc. (1348), Doctors Exchange, Inc. (N/A), Ebix International LLC (N/A), Agency Solutions.com, LLC d/b/a Health Connect LLC (N/A), ConfirmNet Corporation (2737), A.D.A.M., Inc. (8070), and Ebix Latin America, LLC. (N/A). The Debtors' mailing address is 1 Ebix Way, Johns Creek, Georgia 30097.

Upon the motion ("Motion")[2] of Ebix, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), (i) authorizing the Debtors to (a) pay certain prepetition claims with respect to Critical Vendors, and (b) satisfy the Customer Obligations; (ii) confirming the administrative priority of all undisputed obligations of the Debtors for postpetition goods and services ordered under prepetition purchase orders and authorizing the payment of such obligations in the ordinary course; and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is granted on a final basis, expect as specifically provided herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

2. Subject to the provisions of this Order, the Debtors are authorized, but not directed, on an interim basis, to pay, in their discretion, Critical Vendor Claims up to an aggregate amount of $1,500,000, unless no objection is filed **on or before 5:00 p.m. Central Time on January 11, 2024**, at which time the Debtors shall be authorized to pay Critical Vendor Claims on a final basis up to an aggregate amount of $2,200,000, without further order of the Court. To the extent an objection is timely filed, a hearing on the granting of this relief on a final basis shall take place before the Honorable Scott W. Everett, United States Bankruptcy Judge, on **January 16, 2024 at 9:30 a.m.**. Parties who wish to participate in the hearing by videoconference may do so via WebEx at the following link: https://us-courts.webex.com/meet/everett. Parties who wish to participate in the hearing by teleconference may do so via WebEx: Dial-In: 1-650-479-3207 / Access Code: 476 420 189. Additional information regarding participation in the hearing is available at the Court's webpage, available at: https://www.txnb.uscourts.gov/content/judge-scott-w-everett.

3. The Debtors are authorized, but not directed, in their discretion, to pay, honor, or otherwise satisfy the Customer Obligations.

4. As a condition to receiving payment on account of a Critical Vendor Claim, the Debtors may require that the Critical Vendor agree in writing (which may be by email) to: (a) continue supplying goods and services to the Debtors on trade terms that are at least as favorable to the Debtors as those in effect prior to the Petition Date; and (b) agree that it shall not be permitted to cancel on less than 90 days' notice any contract or agreement pursuant to which they provide services to the Debtors (collectively along with any other terms, the "Agreed Terms"); *provided* that the Debtors continue to pay for such goods and services and are not otherwise in breach of such contract or agreement. The Debtors may require additional favorable trade terms with any Critical Vendor as a condition to payment of any Critical Vendor Claim. If any Critical

Vendors accepts payment pursuant to this Order for a prepetition obligation of the Debtors premised on compliance with this Order, and thereafter fails to comply with the Agreed Terms, or such other terms agreed to by the Debtors (including, for the avoidance of doubt, any prepetition arrangement), any payments made pursuant to this Order shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code, and the Critical Vendor shall be required to immediately repay to the Debtors any payment made to it on account of its asserted claim to the extent the aggregate amount of such payment exceeds the postpetition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims or otherwise. Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered. The Debtors shall provide a copy of this Order to the applicable party prior to such party's acceptance of any payment hereunder.

5. All undisputed obligations related to the Outstanding Purchase Orders are granted administrative expense priority in accordance with section 503(b)(l)(A) of the Bankruptcy Code, and the Debtors are authorized to pay all undisputed amounts related to the Outstanding Purchase Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

6. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Order, including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; (d) the Debtor or Debtors that made the payment; and (e) the payment date. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, counsel to the DIP Agent, and any statutory committee appointed in these chapter 11 cases, by the 15th day of the month, for the previous month, following entry of this Order.

7. All applicable banks and other financial institutions are hereby authorized, but not directed, to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, or automated clearing house transfers evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty or further inquiry and without liability for following the Debtors' instructions.

8. Notwithstanding anything to the contrary in this Order, (a) any relief granted herein, including any payment made (or to be made) and any authorization contained in this Order, shall be subject to the terms, conditions, limitations, and requirements of (i) the order authorizing the Debtors' to obtain postpetition financing, or any other order entered in these chapter 11 cases authorizing the use of cash collateral (collectively, and together with any Approved Budget (including any Permitted Variances) in connection therewith, the "DIP Order") and (ii) if applicable the DIP Documents (as defined in the DIP Order, as applicable) approved therein and (b) to the extent there is any inconsistency between the terms of the DIP Order or DIP Documents and any action taken or proposed to be taken under this Order, the terms of the DIP Order (together with any Approved Budget (including any Permitted Variances) in connection therewith) or DIP Documents shall control.

9. Nothing in this Order constitutes (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or

granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.  Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the local rules for the Bankruptcy Court for the Northern District of Texas are satisfied by such notice.

12. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Debtors are authorized, but not directed, to take all such actions as are necessary or appropriate to implement the terms of this Order.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### # # # END OF ORDER # # #

Order submitted by:

**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Rakhee V. Patel (00797213)
Jeri Leigh Miller (24102176)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: tom.califano@sidley.com
rpatel@sidley.com
jeri.miller@sidley.com

*and*

Andres Barajas (*pro hac vice* pending)
Weiru Fang (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: andres.barajas@sidley.com
weiru.fang@sidley.com

*Proposed Attorneys for the Debtors*
*and Debtors in Possession*